UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16-CR-00344-JCS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER FOR PRETRIAL PREPARATION** |
| DAVID ALLEN HOBLEY | |
| Defendant. | |

Following a Status Conference held on December 9, 2016, IT IS HEREBY ORDERED THAT:

## TRIAL DATE

1. The jury trial will begin on **April 3, 2017, at 8:30 A.M.,** Courtroom G on the 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

2. The trial is estimated to be three (3) days.

## DISCOVERY

3. Both sides shall comply with the Federal Rules of Criminal Procedure, and the United States shall comply with Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

## FINAL PRETRIAL CONFERENCE

4. A final pretrial conference shall be held on **March 24, 2017, at 2:00 P.M.,** in Courtroom G on the 15th Floor.  The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

## MOTIONS

5. Any motion besides motions in limine (e.g. motions to suppress, to change counsel etc.) will be heard on **March 24, 2017, at 2:00 P.M.,** in Courtroom G on the 15th Floor.  Absent

extenuating circumstances, no motions (besides motions in limine) will be heard after this date.

6. All motions shall comply with Criminal Local Rule 47-2.

**PRETRIAL FILINGS**

7. No later than fourteen (14) calendar days before the Final Pretrial Conference, the parties shall file the documents listed in subsections A-F below (i.e. the joint pretrial statement, list of witnesses, proposed jury instructions, proposed voir dire, proposed verdict forms, and motions in limine).

8. Two three-hole punched courtesy copies of these documents shall be delivered to the Clerk's office by noon the day after filing. For motions in limine, the moving party is responsible for delivering courtesy copies of all motion papers (both those in support and those in opposition).

9. In addition, no later than ten (10) days before the final pretrial conference, the Government shall submit the jury instructions, voir dire, and verdict form(s) in MS Word format to Judge Spero's Law Clerk Sam_Wheeler@cand.uscourts.gov, and to Judge Spero's Courtroom Deputy, Karen_Hom@cand.uscourts.gov.

**A.   PRETRIAL STATEMENT**

10. The parties shall file a joint pretrial statement that addresses all items listed in Criminal Local Rule 17.1-1(b).

**B.   JURY INSTRUCTIONS**

11. The parties shall file a joint set of proposed jury instructions, using, where possible, the Ninth Circuit Model Jury Instructions. Any modifications to a form instruction must be plainly identified.

12. The parties should include proposed text for all instructions, even for any form preliminary instructions, general instructions, or concluding instructions on which they agree.

13. Instructions upon which the parties agree shall be identified as "Stipulated Instruction No. ____ Re _____," with the blanks filled in as appropriate.

14. If the parties disagree on an instruction, each party's proposed version of the disputed instruction shall be provided and identified as "Disputed Instruction No. ____ Re _____ Offered by _____," with the blanks filled in as appropriate. All proposed versions of the same instruction shall bear the same number. Following each set of proposed versions of a disputed instruction, each party shall explain, in no more than one page, why the Court should give that party's proposed instruction.

15. If the parties dispute whether a particular instruction should be given at all, the proponent of the instruction shall provide proposed language, identified as "Disputed Instruction No. ____ Re _____ Offered by _____," with the blanks filled in as appropriate. Following the disputed instruction, each party shall explain, in no more than one page, why the instruction should or should not be given.

### C. VOIR DIRE QUESTIONS

16. The parties should file a joint set of proposed voir dire questions. If the parties disagree on any proposed questions, such disagreement should be noted, and each party should provide its proposed version of the question (or state that in its view, the question should not be asked at all). Note that during voir dire the Court will ask the jurors to respond to a set of questions similar to those contained in the attached questionnaire, so those questions need not be included in the parties' set of proposed questions.

### D. VERDICT FORMS

17. The parties shall file either a joint proposed verdict form, or, if they disagree, file and serve separate proposed verdict forms.

3

### E.  MOTIONS IN LIMINE

Motions in limine shall be filed and served no later than fourteen (14) calendar days prior to the date set for the Final Pretrial Conference.  Not less than seven (7) days prior to the Final Pretrial Conference responses to motions in limine shall be filed and served.  No reply papers will be considered unless requested by the court.  Motions will be heard at the Final Pretrial Conference or at such other time as the Court may direct.

## EXHIBITS

### F.  ORIGINAL TRIAL EXHIBITS

18. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses at trial and, if applicable, on appeal.

19. No later than five (5) days before trial, the parties shall deposit this set of trial exhibits with the Clerk's office.  The exhibits shall be provided in three-ring binders, with each exhibit tagged, three-hole-punched, and separated with a label divider identifying the exhibit number.  A spine label on each binder should be marked "Original" and indicate the numbers of the exhibits contained therein.

20. Exhibits shall be sequentially numbered (not lettered).  If possible, parties shall use the same number to mark an exhibit for trial as that used in depositions.  Blocks of numbers should be assigned to fit the need of the case (e.g., The Government has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.).  On the first day of trial, the parties shall inform the Courtroom Deputy which exhibits are offered by which party.

21. A single exhibit should be marked only once.  If the Government has marked an exhibit, the defendant should not re-mark the same document with another number.  Different versions of the same document (e.g. versions of a document with and without additional handwriting), however, must be treated as different exhibits and marked with different numbers.

22. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Government's Exhibit" or "Defendant's

Exhibit."

23. Each exhibit shall be tagged as follows:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____

Date Entered _____

By_____
             Deputy Clerk
```

24. The Court prefers but does not require that the exhibit tags be in a color that will stand out (yet still allow for photocopying).

25. Counsel should fill in the exhibit and case numbers, but leave the other spaces ("Date Entered" and "By") blank.

26. Exhibit tags shall be placed on or near the lower right-hand corner of each exhibit, unless the exhibit is a photograph, or otherwise lacks sufficient empty space for the tag, in which case the tag shall be placed on the back on the lower left hand corner.

### G. COPY SETS OF EXHIBITS

27. In addition to the official record exhibits, two sets of binders containing copies of the exhibits must be provided to the Clerk's office five days before trial. One should be marked as "Chambers Copies" and the other as "Clerk's Copies." Each exhibit must be separated with a label divider identifying the exhibit number. Exhibit tags are unnecessary (but permitted) for the copy sets. Each binder should bear a spine label indicating the numbers of the exhibits contained therein.

### H. TREATMENT OF EXHIBITS DURING TRIAL.

28. Counsel must consult with each other and with the Courtroom Deputy at the end of each trial day about which exhibits are in evidence and any limitations thereon. If there are any disagreements, counsel should bring them promptly to the Court's attention.

29. The parties must provide agreed-upon written transcripts of the content of any audio or video exhibit to be used at trial. Failure to provide an agreed-upon transcript by the day an exhibit is offered will preclude the exhibit's admission.

30. At the close of evidence, before closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order.

31. Exhibit notebooks for the jury will not be permitted without prior permission from the Court.

32. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. It is permissible to highlight, circle, or underscore in the enlargements as long as it is clear that it was not on the original.

33. Upon the conclusion of the trial, each party shall retain a full set of exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

### PRETRIAL ARRANGEMENTS

34. Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Richard Duvall, Supervisor of the Court Reporting Services, at (415) 522-2079, at least fourteen (14) days before the trial date.

35. Prior to the start of trial, the parties must provide the Court Reporter a jointly-created list of names and places as well as any uncommon terms or acronyms that are likely to come up during the trial.

36. If any witness will require an interpreter at trial, and there is no certified court interpreter available to translate in the appropriate language, counsel shall notify Courtroom Deputy

Karen Hom at least 30 days before the commencement of trial at (415) 522-2035.

37. The parties should contact the Courtroom Deputy, Karen Hom, at (415) 522-2035, no later than one (1) week before trial to discuss any questions or issues about the layout of the courtroom.

38. During trial, however, counsel may wish to use overhead projectors, poster blow-ups, or models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court has an AV cart that can be made available to counsel. If the parties are interested in using the Court's AV cart, they should contact the deputy clerk one (1) week prior to the final pretrial conference to inquire about availability. The AV cart can't be reserved until the day of the final pretrial conference. Once the AV cart has been reserved, the deputy clerk will make arrangements with counsel for training on the AV cart. If the AV cart is not available, the Court can only provide an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Karen Hom, (415) 522-2035, on all courtroom-layout issue.

**IT IS SO ORDERED.**

Dated: January 10, 2017

_____
Joseph C. Spero
Chief Magistrate Judge

# CONFIDENTIAL
## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom or on the side of the page.  Thank you for your cooperation.

1. Your name: _____
2. Your age: _____
3. City in which you reside: _____
4. Your place of birth: _____
5. Do you rent or own your own home? _____
6. Are you married or do you have a domestic partner? _____ Yes _____ No
7. Please list the occupation of your spouse or domestic partner: _____
8. If you are not married and do not have a domestic partner, are you (circle one, if applicable):
   ( ) Single          ( ) Separated          ( ) Divorced          ( ) Widowed
9. If you have children, please list their ages and sex and, if they are employed, please give their occupations:
   _____
   _____
   _____
10. What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working.)
    _____
11. Who is (or was) your employer? _____
12. How long have you worked for this employer? _____
13. Please describe your education background:
Highest grade completed: _____
College and/or vocational schools you have attended:
_____
_____
Major areas of study: _____
14. Have you ever had jury experience? _____  Number of times? _____
If yes:  State/County Court _____ Federal Court _____
When? _____ Was it a civil or criminal case? _____
Did any of the juries reach a verdict ? _____ Yes _____ No